UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
CHIRON WATKINS,

                Plaintiff,                         **MEMORANDUM & ORDER**
                                                         13-CV-5029 (RRM) (LB)
     - against -

CHARLES HYNES and LUIS LOPEZ,

                Defendants.
----------------------------------------------------------X
ROSLYNN R. MAUSKOPF, United States District Judge.

       On October 10, 2013, plaintiff *pro se* Chiron Watkins, a prisoner incarcerated at the Anna M. Kross Center ("AMKC") on Rikers Island, commenced this action alleging civil rights violations pursuant to 42 U.S.C. § 1983 and seeking injunctive relief and $5,355,000 in damages. (*See* Compl. (Doc. No. 1).) Pursuant to 28 U.S.C. § 1915, plaintiff's request to proceed *in forma pauperis* is granted. For the reasons that follow, however, the complaint is dismissed.

## BACKGROUND

       Pursuant to 28 U.S.C. § 1915A, the Court must review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and thereafter "dismiss the complaint, or any portion of the complaint," if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." *Id.*; *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Similarly, the Court must dismiss *sua sponte* any action brought *in forma pauperis* if it is "frivolous or malicious, "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In reviewing the complaint, the Court is mindful that plaintiff is proceeding *pro se* and that his pleadings should be held to a less stringent standard

than pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Harris*, 572 F.3d at 72.

Nevertheless, a *pro se* complaint must still plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In this action, Watkins alleges that a criminal complaint filed against him in state court should really be a civil complaint. (*See* Compl. at 4.) He further alleges, in conclusory terms, that he is the victim of "malicious prosecution, false arrest, false imprisonment[, and] violation[s] of [the] U.S. Constitution Amendment[s] 4, 5, 6, 8 and 14." (*Id.*) Relief cannot be granted on these claims, however, and the complaint must be dismissed.

## DISCUSSION

Watkins brought this suit under section 1983, which applies when challenged conduct was committed by a defendant or defendants acting under color of state law.[1] *See Fabrikant v. French*, 691 F.3d 193, 206-07 (2d Cir. 2012). Section 1983 "constrains only state conduct, not the 'acts of private persons or entities,'" *Hooda v. Brookhaven Nat. Lab.*, 659 F. Supp. 2d 382, 393 (E.D.N.Y. 2009) (quoting *Rendell-Baker v. Kohn*, 457 U.S. 830, 837 (1982)), and it only grants a right of action – the substantive right giving rise to a claim must flow from another source. *See Singer v. Fulton Cnty. Sheriff*, 63 F.3d 110, 119 (2d Cir. 1995), *cert. denied*, 517 U.S. 1189 (1996); *Nickey v. City of New York*, No. 11-CV-3207 (RRM) (RLM), 2013 WL

---

[1] Watkins' complaint could also be read to request his release from state custody. However, to the extent that Watkins seeks such relief, the proper vehicle is not a complaint brought pursuant to section 1983, but an application for a writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Williams v. Gary*, No. 14-CV-2319 (ARR) (LB), 2014 WL 1761135, at *3 (E.D.N.Y. Apr. 29, 2014). A state prisoner may not circumvent the prerequisites for habeas relief by casting his claims as a plea for relief under section 1983. *Cf. Preiser*, 411 U.S. at 489–90; *Williams*, 2014 WL 1761135, at *3.

5447510, at *4 n.4 (E.D.N.Y. Sept. 27, 2013). Thus, in order to state a claim under section 1983, a plaintiff must "allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law, and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States." *Rae v. County of Suffolk*, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010) (internal quotation omitted).

### A. State Action Under Section 1983

In his complaint, Watkins names two defendants – Luis Lopez, an individual who allegedly informed the police of Watkins' crime, and Charles Hynes, the former Kings County District Attorney. Even construing the complaint in the light most favorable to Watkins, however, his complaint fails to state a claim against Lopez on which relief may be granted. Assuming *arguendo* that Lopez took some action that deprived Watkins of a cognizable right, Watkins nonetheless fails to allege any facts suggesting that Lopez acted under the color of state law. As such, the claims against Lopez must be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### B. Prosecutorial Immunity

Watkins' claims against Hynes also fail. The Court assumes for the purposes of this discussion that any actions allegedly taken by Hynes carried the imprimatur of his authority under state law. But even if that is so, prosecutors are absolutely immune from liability in suits seeking damages for acts carried out in the course of their official duties. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 342 (2009); *Doe v. Phillips*, 81 F.3d 1204 (2d Cir. 1996). "Prosecutorial immunity from [section] 1983 liability is broadly defined, covering 'virtually all acts, regardless of motivation, associated with the prosecutor's function as an advocate.'" *Hill v. City of New York*, 45 F.3d 653, 661 (2d Cir. 1995) (quoting *Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994)) (internal alteration omitted). For example, beyond courtroom conduct prosecutorial

3

immunity may apply to the decision whether or not to commence a prosecution in the first instance. *See Ying Jing Gan v. City of New York*, 996 F.2d 522, 530 (2d Cir. 1993). Here, even assuming the veracity of the facts alleged against Hynes, the decision to bring a criminal complaint is a quintessential prosecutorial function that falls squarely within the scope of the absolute immunity afforded to prosecutors. Watkins' claims against Hynes thus seek monetary relief from a defendant who is immune from such relief and must be dismissed. *See* 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B).

### C. Futility of Amendment

Affording Watkins' *pro se* complaint the most liberal reading possible, the allegations therein fail to state a claim for which relief can be granted. Generally, "the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795–96 (2d Cir. 1999) (quoting *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991)). In this case, however, "[t]he problem with [plaintiff]'s causes of action is substantive . . . [and] better pleading would not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Leave to amend is therefore denied as futile. *Id.*; *see also Utreras v. Chicago Title Ins. Co.*, No. 12-CV-04766 (RRM) (LB), 2013 WL 4700564 (E.D.N.Y. Sept. 1, 2013).

### CONCLUSION

For the foregoing reasons, plaintiff's motion for leave to proceed *in forma pauperis* (Doc. No. 2) is granted and the complaint is dismissed pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith and therefore *in forma pauperis* status

4

is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of the Court is directed to mail a copy of this Memorandum and Order, together with the accompanying Judgment, to plaintiff *pro se*, note the mailing on the docket, and close this case.

SO ORDERED.

*Roslynn R. Mauskopf*

Dated: Brooklyn, New York
August 15, 2014

_____
ROSLYNN R. MAUSKOPF
United States District Judge